Robert D. TERRY, Claimant–Appellant,

v.

Robert A. McDONALD, Secretary of Veterans Affairs, Respondent–Appellee.

No. 2014–7044.

United States Court of Appeals, Federal Circuit.

Jan. 5, 2015.

Kenneth M. Carpenter, Carpenter, Chartered, of Topeka, KS, argued for claimant-appellant.

Domenique Kirchner, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With her on the brief were Stuart F. Delery, Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Scott D. Austin, Assistant Director. Of counsel on the brief were Y. Ken Lee, Deputy Assistant General Counsel, and Martie Adelman, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Before O'MALLEY, CLEVENGER, and BRYSON, Circuit Judges.

O'MALLEY, Circuit Judge.

In light of our decision in *Sanchez–Navarro v. Department of Veterans Affairs,*

Appeal No.2014–7039,[1] we affirm the United States Court of Appeals for Veterans Claims' judgment affirming the Board of Veterans' Appeals' denial of service connection for Mr. Terry's post-traumatic stress disorder related to his service as a medic in the United States Army. Mr. Terry does not dispute on appeal the Board's factual determination that his stressor is "not consistent with the places, types, and circumstances of the veteran's service," and, therefore, he cannot rely on lay testimony alone to establish that an in-service stressor occurred pursuant to 38 C.F.R. § 3.304(f)(3).

**AFFIRMED.**

---

1. In *Sanchez–Navarro*, we rejected the petitioner's argument that 38 C.F.R. § 3.304(f)(3) (2014) requires the U.S. Department of Veterans Affairs ("VA") to provide an examination by a VA psychiatrist or psychologist to confirm "that the claimed stressor is adequate to support a diagnosis of posttraumatic stress disorder and that the veteran's symptoms are

related to the claimed stressor" before the Board of Veterans' Appeals can determine if the "claimed stressor is consistent with the places, types, and circumstances of the veteran's service." *Sanchez–Navarro v. Dep't of Veterans Affairs*, No.2014–7039, —— F.3d ——, 2014 WL 7332767, slip op. at 5–7 (Fed.Cir. Dec. 24, 2014).